UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 20-cr-00707-2 |
| Plaintiff, | : | ORDER |
|  | : | [Resolving Doc. 377] |
| v. | : |  |
| HILARY SMITH, | : |  |
| Defendant. | : |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Hilary Smith pled guilty to conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846; pled guilty to possession with intent to distribute fentanyl in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C); and pled guilty to two counts of use of a communications facility to facilitate a felony drug offense in violation of 21 U.S.C. § 843(b).[1]

On January 25, 2022, the Court sentenced Defendant Smith to 85 months of imprisonment for the 21 U.S.C. §§ 846 & 841 offenses, to run consecutively with a 48-month sentence for the 21 U.S.C. § 843(b) offenses.[2] At Smith's sentencing, the Court found that Smith had an offense level of 27 and Criminal History Category 1, giving him a guideline sentencing range of 70-87 months.[3] Smith did not have any criminal status points at the time of sentencing.[4]

---

[1] Doc. 145, PageID #: 815.
[2] Doc. 327, PageID #; 2104.
[3] Doc. 385, PageID #: 2407.
[4] *Id.*, PageID #: 2406.

Case No. 1:20-cr-00707-2
GWIN, J.

Defendant Smith now moves to reduce his sentence under 18 U.S.C. § 3582(c)(2) and United States Sentencing Guideline Amendment 821.[5] His counsel asks for a reduction from 85 months to 57 months.[6] The government does not oppose Smith receiving an Amendment 821 reduction but asks the Court to reduce Smith's sentence to 69 months imprisonment.[7]

For the following reasons, the Court **GRANTS** Defendant Smith's sentence reduction motion and sentences the Defendant to **62 months.**

## I. LEGAL STANDARD

"Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute."[8] However, the Court may reduce a sentence under 18 U.S.C. § 3582(c)(2) if the Court based the original sentence "on a sentencing range that has subsequently been lowered by the Sentencing Commission."[9] The Court must consider whether the "authorized reduction is warranted, either in whole or in part, according to the factors set forth in [18 U.S.C.] § 3553(a)."[10]

Any reduction must also be "consistent with the applicable policy statements issued by the Sentencing Commission."[11] In reducing a defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2), the Court "shall substitute only the amendments listed in [§ 1B1.10(d)] for the corresponding guideline provisions that were applied when the defendant

---

[5] Doc. 377. Defendant Smith's counsel filed a supplement in support of his motion. Doc. 387.
[6] Doc. 387, PageID #: 2416.
[7] Doc. 392, PageID #; 2432.
[8] *United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019); 18 U.S.C. § 3582(c).
[9] 18 U.S.C. § 3582(c)(2).
[10] *Dillon v. United States*, 560 U.S. 817, 826 (2010) (citing U.S. Sent'g Guidelines Manual § 1B1.10 (U.S. Sent'g Comm'n 2015)).
[11] *Id.*

Case No. 1:20-cr-00707-2
GWIN, J.

was sentenced and shall leave all other guideline application decisions unaffected."[12] Pursuant to Amendment 825, the Sentencing Commission amended § 1B1.1(d) to include Amendment 821 in the list of retroactive amendments.

## II.   DISCUSSION

Effective November 1, 2023, United States Sentencing Guidelines Amendment 821(B) reduces by two offense levels the guideline range for defendants with zero criminal history points.[13]  Defendants qualify for this two-level reduction only if they do not apply for any of the exceptions in the guideline.[14]

Amendment 821(B) reduces Defendant Smith's offense level from 27 to 25.  Smith's amended sentencing guideline range is 50-71 months.  Thus, Defendant Smith was earlier sentenced to a term of imprisonment based on a sentencing range that has subsequently lowered by the Sentencing Commission.

The 18 U.S.C. § 3553(a) factors weigh in favor of reducing Defendant Smith's sentence to 62 months.  Factors like those applied at Smith's initial sentencing also apply at this time.  Defendant Smith was convicted for his involvement in a large drug trafficking organization that included packaging and distributing fentanyl as Oxycodone.[15]

Regarding his history and characteristics, Smith was born into poverty and had a very difficult childhood in Guyana.[16]  He first came to the United States when he was 21.  He

---

[12] U.S. Sent'g Guidelines Manual § 1B1.10(b)(1) (U.S. Sent'g Comm'n 2023).
[13] U.S. Sent'g Guidelines Manual § 4C1.1 (U.S. Sent'g Comm'n 2023); *see also* https://www.ussc.gov/guidelines/amendment/821.
[14] *Id.*
[15] Doc. 332, PageID #: 2119.
[16] *Id.*

Case No. 1:20-cr-00707-2
GWIN, J.

was previously removed from the United States and returned. He has some college education and is trained as an electrician.[17]

The Court also notes that it previously sentenced Defendant Smith at the higher end of the guideline range, due to the seriousness of the offense and as an adequate deterrent.[18]

Since then, Defendant Smith has engaged in significant rehabilitative efforts while incarcerated. He has no violent history and is on low security status.[19] And, he has completed rehabilitative programs while incarcerated, on topics such as drug abuse education, emotional resilience, and healthy parenting skills.[20]

As a result, the Court finds it appropriate to reduce Defendant Smith's sentence to 62 months, within the amended guideline range of 50-71 months, and lower than the previous guideline sentence imposed.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Smith's motion and **REDUCES** Defendant Smith's sentence to **62 MONTHS**. Except as otherwise provided in this order, all other terms of Smith's original sentence remain in effect.

IT IS SO ORDERED.

Dated: February 28, 2024         *s/     James S. Gwin*
                                 JAMES S. GWIN
                                 UNITED STATES DISTRICT JUDGE

---

[17] *Id.*
[18] *Id.*
[19] Doc. 377-2, PageID #: 2369.
[20] Doc. 377-3, PageID #:

- 4 -